GAIL R. SHIFMAN, SBN 147334
Law Office of Gail Shifman
2431 Fillmore Street
San Francisco, CA 94115
Phone:  415/551-1500
Email:  gail@shifmangroup.com
*Appearing for Defendant RAUL C.*
*SUAREZ*

MICHAEL N. BURT, SBN 83377
1000 Brannan Street, Suite 400
San Francisco, CA 94103
Phone: 415/522-1508
Email: mb@michaelburtlaw.com
*Appearing for Defendant RAUL C.*
*SUAREZ*

RICHARD ALAN TAMOR, SBN 176529
311 Oak Street, Suite 108
Oakland, CA 94607
Phone: 415/655-1969
Email: RTamor@Tamorlaw.com
*Appearing for Defendant LORENZO*
*GARCIA, JR.*

RICHARD G. NOVAK, SBN 149303
P. O. Box 5549
Berkeley, CA 94705
Phone: 626/578 1175
Email: Richard@RGNLaw.com
*Appearing for Defendant LORENZO*
*GARCIA, JR.*

NICOLE E. LAMBROS, SBN 215524
600 Allerton Street, Suite 200
Redwood City, CA 94063
Phone: 415/596-4647
Email: n.e.lambros@gmail.com
*Appearing for Defendant JOSE*
*SALDANA*

JOHN T. PHILIPSBORN,  SBN 83944
507 Polk Street, Suite 350
San Francisco, CA 94102
Phone: 415/771-3801
Email: JPhilipsbo@aol.com
*Appearing for Defendant JOSE*
*SALDANA*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAUL CORONEL SUAREZ, LORENZO GARCIA, JR., JOSE SALDANA,<br><br>Defendants. | **Case No. 5:24-CR-00226-BLF**<br><br>**JOINT REPLY FROM RAUL SUAREZ, LORENZO GARCIA, AND JOSE SALDANA TO THE GOVERNMENT'S RESPONSE TO THE JOINT DEFENSE MOTION FOR CASE MANAGEMENT AND DISCOVERY ORDER**<br><br>Date:  August 19, 2025<br><br>Time:  1:00 p.m.<br><br>COURT:  THE HON NATHANAEL COUSINS |

## I.    **INTRODUCTION.**

On July 24, 2025, under circumstances that are reviewed in some detail below, the Suarez, Garcia, and Saldana defenses filed a "Motion For Case Management and Discovery Order to Facilitate Representation of Individuals

1

**JOINT REPLY FROM RAUL SUAREZ, LORENZO GARCIA, AND JOSE SALDANA TO THE GOVERNMENT'S RESPONSE TO THE JOINT DEFENSE MOTION FOR CASE MANAGEMENT AND DISCOVERY ORDER**

Potentially Facing the Death Penalty; Motion for Timely Disclosures to Permit Effective Defense Representation During Pre-Trial Litigation and at Any Trial of These Cases." (Doc 271, filed July 24, 2025). The Motion seeks an order for a combination of general categories of disclosures from the Government, and also includes specific requests that incorporated the contents of requests for discovery addressed to the Government by Attorneys Gail Shifman on July 12, 2025 and Nicole Lambros dated July 8, 2025 (see Exhibits to the Discovery Motino filed as Doc 271-1).

On August 5, 2025 (Doc 277), the Government filed a Response to the defense Motion that argues that the defense filed its Motion "in lieu. of pursuing a joint discovery plan." The Response also argues that the Government has voluntarily produced discovery during the more than a year that this case has been pending. (Doc 277 at pp.1-2). The Government "…does not generally object to the entry of the Case Management and Discovery Order…," but wants recognition of the procedural posture of the case, given that, according to the Government, the accused "…are not charged with a capital offense, no trial date has been set…" and that early discovery of information identifying cooperators would pose significant safety concerns. (Doc 277 at p.2).

Those are the subtexts of the Response. The gist of it is that the Government is surprised that the joint defense would feel the need to seek the Court's intervention in a process that the Government has guided without objection up to this point. But nowhere in its 24-page Response does the Government manage to explain, forthrightly, developments that prompted the Joint Defense to file its discovery motion. The parties were proceeding on a relatively casual discovery plan basis until June 16, 2025, eleven months after the Government had informed the Court and the defenses (on July 16, 2024) that it would not seek the death penalty as to any of the three above-named defendants (Doc 144). Then on June 16, 2025, the Government informed the Joint Defense that the Department of

**JOINT REPLY FROM RAUL SUAREZ, LORENZO GARCIA, AND JOSE SALDANA TO THE GOVERNMENT'S RESPONSE TO THE JOINT DEFENSE MOTION FOR CASE MANAGEMENT AND DISCOVERY ORDER**

Justice's Capital Case Committee would be reviewing "whether or not to maintain the no-seek" decision on file. (The language quoted is from an email sent to defense counsel by counsel for the Government on June 16, 2025). The same email informed counsel that they would have a chance to present a mitigation case for each client – but that all defense counsel "…must meet on the same day/time but it's up to you whether you want to present collectively or individually." (Language used in the June 16, 2025 Government email to then-appointed defense counsel).

Informal discovery processes are incompatible with Government arguments (heard by the District Judge and quoted below) that the Government reserves itself the right to change the very nature of a pending case at a time of its choosing. In our accusatorial system of criminal case prosecution, it has been deemed that notice of the "nature and cause of the accusation" is essential and constitutionally compelled by the Fifth and Sixth Amendments. The defense has every right to seek an adequate understanding of the case it is responding to--especially if the Government claims the right and prerogative to be able to change the nature of the case without limitation from the Court.

This Court has heard discovery motions related to potential capital cases in this District – motions that have been brought by some of the lawyers involved in the defense of this case. This Court has had experience with the various discussions of the death penalty authorization process; pre-trial discovery processes; trial-related discovery process in potential death penalty cases and the like. But this Court has not been called upon to address a motion for discovery and case management order in a situation in which, having filed a Notice that it would not be seeking the death penalty against specified individuals, the Government then notified the defense that within a month or so, it would be reconsidering that filed decision.  In other words, a significant part of what is missing in the Government's discussion of the context of this discovery and case management-related discussion is a useful examination of context.

**JOINT REPLY FROM RAUL SUAREZ, LORENZO GARCIA, AND JOSE SALDANA TO THE GOVERNMENT'S RESPONSE TO THE JOINT DEFENSE MOTION FOR CASE MANAGEMENT AND DISCOVERY ORDER**

On July 18, 2025 (Doc 264), the District Court, in the person of Judge Freeman, ruled on a defense motion seeking to preclude the Government from withdrawing its Notice not to seek the death penalty. The record of proceedings before the District Court indicates that there were lengthy arguments made by both parties in relation to the defense's motion to preclude. During those arguments, as summarized by Judge Freeman in her Order, the Government argued that "…prosecutorial discretion and the specific circumstances of this case support the Government's right to seek the death penalty in a superseding indictment." (Doc 264, Court Order, at p.4:1-2). Judge Freeman observed that: "It is the Government that has injected uncertainty into this case more than a year after filing its No-Seek Notice by signaling that it can seek the death penalty upon any or no showing of good cause." (Doc 264, Court Order at p.6:11-13).

In her July 18, 2025 Order, Judge Freeman set a deadline of August 14, 2025 for the Government to file a Notice to seek the death penalty if it decides to do so, fully understanding that as far as the Government has argued, it is aware that it cannot validly and legally file such a Notice in the absence of an Indictment charging a death-eligible offense. (And as this Reply was being drafted, the Government has filed a motion seeking an extension of the deadline. Doc 278.) Thus, this discovery motion litigation occurs at a time that the Government, under directives from "the Top," maintains that this could become a capital case at any point in the litigation, and that the Government can exercise its discretion to affect the configuration of a case on a schedule that suits it, since the charging function is the sole function of the Executive Branch.

This preamble is a necessary component of this Reply to the Government's Opposition, since the Government's position is that it has wide-ranging discretion to affect the Court's management of its docket by changing the configuration of the charges in a multi-defendant case that was filed more than 15 months ago. That position, of course, is being taken notwithstanding the existence of law in the Ninth

Circuit that the Court can indeed manage its docket. But, as often happens in litigations of these kinds, the Government's position is that while courts may have some prerogative to control their dockets, the Government ultimately will exercise control over the timing and nature of the discovery process. That position is irreconcilable with controlling authority. It bears repeating that: "…a district court has the authority to enter pre-trial case management and discovery orders designed to ensure that development issues to be tried are identified, and that the parties had an opportunity to engage in appropriate discovery, and that the parties were adequately and timely prepared so that the trial can proceed efficiently and intelligently." *United States v. W.R. Grace*, 526 F.3d, 499, 508-509 (9th Cir., 2008). The *Grace* Court noted that deadlines "…bring the necessary focus and organization to ready the case for trial."  *Id.* at 513-514.

## II.    ARGUMENT AND AUTHORITIES.

### A.    Given the History of This Case, The Government's Argument That All Discovery Scheduling is Tied to the Setting of a Trial Date and That it is the Government That Decides the Pace of Discovery is Mistaken.

The Government's approach is clearly stated in the Conclusion to its Response: "…the Court should defer entry of a Case Management and Discovery Order at this time.  In the alternative, it should enter an Order that provides for discovery deadlines by reference to the trial date in this case, including a provision delaying disclosure of information that would identify a protected witness until 60 days before trial."  (Response, at p.24). The Indictment in this case (Doc. 1) was filed on April 18, 2024 – 16 months ago, as of the date that this Motion is scheduled to be heard. According to the arguments made by the Government before the District Judge, the Government may, or may not, be contemplating a superseding indictment and the pursuit of the death penalty.  Both this Court and the Government are aware that the contours of a Federal prosecution are defined by the Indictment. For a considerable time, the United States Supreme Court has

**JOINT REPLY FROM RAUL SUAREZ, LORENZO GARCIA, AND JOSE SALDANA TO THE GOVERNMENT'S RESPONSE TO THE JOINT DEFENSE MOTION FOR CASE MANAGEMENT AND DISCOVERY ORDER**

required that an Indictment sufficiently allege the elements of the offense. *United States v. Simmons*, 96 U.S. 360, 362-363 (1877). Numerous cases from the United States Supreme Court have iterated and reiterated that the accused has a "…right to reasonable notice of a charge against him, and an opportunity to be heard in his defense…" *In Re Oliver*, 333 U.S. 257, 273 (1948). The law also provides that the accused obtains "…sufficient details of the charges" where the Government provides full discovery to the defense.  *United States v. Mitchell*, 744 F.2d 701, 704-706 (9th Cir., 1984), relying in part on *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.), *cert. denied,* 444 U.S. 979 (1979).

As the District Court concluded in its above cited Order, the Government has injected uncertainty into this matter by purporting to keep its options open "…by signaling that it can seek the death penalty upon any or no showing of good cause. It is the Government that has left defense counsel to guess what charges might be brought…." (Court Order, Doc 264, denying Motion to Preclude the Withdrawal of the Government's Notice, at p.6).

At this point in this case, since the Government has made it clear more than once that the current Indictment cannot be relied upon by the defense to provide adequate notice of the full contours of the case that the Government seeks to pursue against the Joint Defense, the Defense, logically – and according to pertinent Federal law on notice of charges – must rely on "full discovery" to get a basic understanding of the scope the criminal charges they will ultimately face. See, *Handley v. Moore,* __F.4th__, 2025 WL 2113249 at *15 (9th Cir., 2025). "'[A] defendant can be adequately notified of the nature and cause of the accusation against him by means other than the charging document.'", quoting *Calderon v. Prunty,* 59 F. 3d 1005, 1009, (9th Cir., 1995); also, *United States v. Mitchell, supra,* 744 F. 2d at 705. ("These purposes [minimizing the danger of surprise at trial and providing sufficient information on the nature of the charges to allow preparation of a defense] are served if the indictment itself provides sufficient details of the

**JOINT REPLY FROM RAUL SUAREZ, LORENZO GARCIA, AND JOSE SALDANA TO THE GOVERNMENT'S RESPONSE TO THE JOINT DEFENSE MOTION FOR CASE MANAGEMENT AND DISCOVERY ORDER**

charges and *if the Government provides full discovery to the defense.*" [emphasis supplied.]

The discovery in this case has been produced in the manner in which the Government has chosen to organize it. The Government notes in its Response that producing the discovery "…is time-and labor-intensive." (Response, at p.5). So is wading through partially organized discovery to assess what is there, and what is not. Making repeated requests to the Government to provide items of discovery that clearly exist and are not cooperator statements is also a time-consuming process. The Court's now requested discovery order would put order into the situation as was recently done in *United States v. Hemdan,* No. 2:24-CR-00071-DJF-CSK, 2025 WL 417979 at *1 (E.D. Cal, Feb 6, 2025). There as here, the Government opposed providing discovery until a trial date was set. The Court rejected the Government's position, reasoning that: "…[t]the Court…declines to set a trial date at this time. While the Court believes that trial dates should generally be set more quickly in criminal cases before it, that is not yet appropriate in this particular case, especially given that complete discovery has not yet been provided." The *Hemdan* Court ordered that: "By April 17, 2025, the Government shall produce all discovery presently in its possession, custody or control, as required by Federal Rule of Criminal Procedure 16(a)(1), including Rule 16 (a)(1)(G)(ii), and the Government's *Brady* obligations." *Id.*

**B.    The Government Should Be Directed to Make Expert Witness Disclosures.**

The Government's position on expert witness disclosures is that they are "inextricably intertwined with the anticipated trial of the case." (Response, at p.10).  The Government's view is that it is 'typical' in this District for the Court to set experts' disclosure "…after any attempts at resolution have run their course, a trial date has been set, and the parties have begun trial preparation in earnest." (Response, at p.10).  Tellingly, the Government fails to provide any supporting

citations or references to other cases of a similar nature in which a District Court in this District used the Government's suggested formula to address expert disclosures.

This case involves: Alleged gang allegations; electronic media device searches; cell phone downloads and retrospective cell phone record interpretation; crime scene processing; firearms evidence; DNA evidence; electronic surveillance device operation.  The Government's Response on the expert witness issue cannot be viewed as either serious or useful.  The Court should order expert disclosures on a rolling basis.

**C.    Co-Conspirator Statements**

The Government argues that it has essentially produced the statements of co-conspirators in varying forms.  The objective of the Local Rules that provide for the disclosure of co-conspirator statements is not that the defense (and a Court) should guess at what statements the Government seeks to introduce in the trial of the case at hand. Where there are multiple alleged charged and uncharged co-conspirators, an organized disclosure of statements that the Government seeks to introduce is something that Courts in this District have ordered produced.  The Government will seek to introduce such statements; it can list them in an orderly way, as has been required in a number of RICO conspiracy cases.

**D.    Information Acquired By Electronic Surveillance.**

The Government says most of it has been produced.  (Response, at pp.12-13). A schedule for the rest of the production should be made.

**E.    Disclosure of Informants, Cooperators, Other Civilians Who May Be Trial Witnesses or Who Were Relied on To Obtain Charges.**

The Government suggests a disclosure of this category of material – and presumably of witness names – no earlier than 60 days before trial. (Response, at p.14).  First, since the Government has indicated to each of the three members of

**JOINT REPLY FROM RAUL SUAREZ, LORENZO GARCIA, AND JOSE SALDANA TO THE GOVERNMENT'S RESPONSE TO THE JOINT DEFENSE MOTION FOR CASE MANAGEMENT AND DISCOVERY ORDER**

the Joint Defense that it has evidence of a variety of charged and uncharged acts that it seeks to introduce in any trial of this case, waiting for it to provide full discovery of such evidence until no more than two months before trial is not sensible case management, and does not satisfy the constitutional requirement of adequate and timely notice. Information in this category will have to be fully investigated by the defense and pretrial as well as *in limine* motions will have to be briefed and heard before trial. Given the complexity of this case, and the anticipated scope of the Government's evidence, waiting for the Government to disclose this evidence until two months before trial will not provide the Joint Defense with the timely and adequate notice that is constitutionally required. *In re Gault*, 387 U.S. 1, 33 (1967) [ "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded…"; also, *Handley v. Moore, supra,* 2025 WL 2113249 at *16 (same).]

With respect to the listing of witnesses who will testify, both in the Government's case in chief and later in rebuttal, the defense position is that a time certain for the disclosure of the names that permits the defense an adequate time to investigate needs to be set.

### F.    FRE 404(b) Evidence.

The Government's position on bad act and other crime evidence is that some of it has been provided, and that in any event, the Government is continuing to investigate.  (Response, at pp.14-15). Were this case to be managed as a potential capital case, the notion of waiting until the Government feels ready to provide bad act and other crimes evidence would be completely unacceptable at this juncture. Given that in a conspiracy to conduct the affairs of a racketeering enterprise case, much of the case is built around a series of what is alleged, either in the Indictment or by the Government in written notices to be evidence descriptive of the frame of the enterprise on the one hand, and on the conduct of given defendants as members

9

**JOINT REPLY FROM RAUL SUAREZ, LORENZO GARCIA, AND JOSE SALDANA TO THE GOVERNMENT'S RESPONSE TO THE JOINT DEFENSE MOTION FOR CASE MANAGEMENT AND DISCOVERY ORDER**

of the enterprise, on the other, the notion of waiting until pre-trial motion dates and *in limine* dates are set deprives the defense of adequate preparation time.

### G.    Information Pertaining to the Potential Imposition of the Death Penalty.

Since the defense has what even the Government admits is inadequate notice of death penalty-linked charges in the absence of an Indictment that includes such charges, and given the pendency of the filing of the Government's further Notice on the issue of the death penalty, the defense will further respond to the Government's Response once the Government has announced its position on the pursuit of death. The defense reiterates its previously-made arguments that the current charges, and inconsistent Government announcements related to the death penalty, do not permit the defense to address death penalty issues, other than to reiterate that the defense has clearly, and admittedly, inadequate notice of the basis for the Government to pursue the death penalty against any of the accused in this case.

### H.    As to Particular Items of Discovery.

A substantial amount of material discovery within the possession and control of the Government has not been provided. For example, the Government does not object to providing crime scene diagrams and crime scene analysts' reports, rather the Response states that such discovery does not exist. (Response at P. 20.) However, the Salinas Police Department utilizes three-dimensional laser scanners to map the incident location, document evidence and create digital reproductions of crime scenes. The digital mapping and diagraming occurs at the time of the initial police response. The Government has acknowledged that Faro Laser scanning was utilized in many of the alleged homicides, but the related discovery has not been provided. Similarly, casings and bullets were recovered during the investigations of each of the shootings. The Government has not provided any reports, notes or opinions as to the analysis of the ballistics evidence.

**JOINT REPLY FROM RAUL SUAREZ, LORENZO GARCIA, AND JOSE SALDANA TO THE GOVERNMENT'S RESPONSE TO THE JOINT DEFENSE MOTION FOR CASE MANAGEMENT AND DISCOVERY ORDER**

Counsel will be prepared to address outstanding discovery at the hearing and will prepare a proposed discovery order.

## III.    CONCLUSION.

The Court should grant a case management and discovery order to address the categories of disclosures sought by the defense in the initial Motion, and here.

Dated: August 12th, 2025              Respectfully submitted on behalf of these three defendants by:

JOHN T. PHILIPSBORN
MICHAEL N. BURT
GAIL R. SHIFMAN
NICOLE E. LAMBROS
*APPEARING ON BRIEF FOR
MR. GARCIA, MR. SUAREZ, AND
MR. SALDANA*

By:    /s/ John T. Philipsborn
          John T. Philipsborn
          Counsel for Jose Saldana

**JOINT REPLY FROM RAUL SUAREZ, LORENZO GARCIA, AND JOSE SALDANA TO THE GOVERNMENT'S RESPONSE TO THE JOINT DEFENSE MOTION FOR CASE MANAGEMENT AND DISCOVERY ORDER**